Dennis H. Cavanaugh (DC 3146)
**D H CAVANAUGH ASSOCIATES**
555 Fifth Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 856-7210
Facsimile:  (212) 856-7211

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Kathleen Firrantello d/b/a Farjo Music,

        Plaintiff,

     v.

Kanye West; Roc-A-Fella Records, LLC;
The Island Def Jam Music Group;
Universal Music Group; Vivendi SA;
Sample Clearance Ltd.;
Lonnie Rashid Lynn, Jr. p/k/a Common;
Interscope Geffen A&M Records;
Clifford Smith p/k/a Method Man;
Reginald "Reggie" Noble p/k/a Redman;
Does 1-50; and XYZ Corporations 1-50,

        Defendants,

--------------------------------------------------------------X

Civil Action No.:

**08 CV 4785 (VM) (AJP)**

ECF CASE

## COMPLAINT

Plaintiff Kathleen Firrantello ("Firrantello") d/b/a Farjo Music (hereinafter referred to as "Plaintiff" or "Farjo"), by her attorney, Dennis H. Cavanaugh, as and for her complaint, alleges as follows:

## NATURE OF THE ACTION

1.     In this action, Plaintiff seeks injunctive relief and damages for acts of copyright infringement and unfair competition engaged in by Defendants under the laws of the United States and the State of New York.

## JURISDICTION AND VENUE

2.    This action arises under the Copyright Act of 1976, 17 U.S.C. Sec. 101 et seq. (the "Copyright Act"), and the common law of the State of New York.  This Court has jurisdiction pursuant to 28 U.S.C. Secs. 1331, 1332 and 1338, 17 U.S.C. Sec. 101 et seq., and the law of supplemental jurisdiction.

3.    The venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. Secs. 1391(b) and (c), 1392 and 1400(a).  Upon information and belief, each of the Defendants has been transacting and continues to transact business in this the State of New York and elsewhere in interstate commerce, or transacts business that affects such commerce, and has been committing and continues to commit the acts complained of herein in the State of New York and elsewhere in interstate commerce, and regularly has been and now does business and solicits business and derives substantial revenue from the sale and licensing of creative properties and other products and services sold, used or consumed in the State of New York, including the musical composition complained of herein, and elsewhere in interstate commerce.  The Defendants expected or should have reasonably expected their acts, including the acts set forth above and complained of herein, to have consequences in the State of New York.

4.    The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## THE PARTIES

5.    Plaintiff is an individual having a residence and her principal place of business in Pawling, New York.

6.    Plaintiff is informed and believes and thereupon alleges that at all times relevant

hereto:

a.      Defendant Kanye West ("West") is either a resident of or doing business within this judicial district.

b.      Defendant Roc-A-Fella Records, LLC ("Roc-A-Fella"), is a limited liability company with its principal place of business at 825 Eighth Avenue, New York, New York 10019.  On information and belief, Roc-A-Fella is either doing business in or is engaged in the transaction of business within this judicial district.

c.      Defendant The Island Def Jam Music Group ("Island"), is an unincorporated division of Universal Music Group and/or Vivendi SA with its principal place of business at 825 Eighth Avenue, New York, New York 10019.  On information and belief, Island is either doing business in or is engaged in the transaction of business within this judicial district.

d.      Defendant Universal Music Group ("UMG"), is an unincorporated division of Vivendi SA with its principal place of business at 1755 Broadway New York, New York 10019.  On information and belief, UMG is either doing business in or is engaged in the transaction of business within this judicial district.

e.      Defendant Vivendi SA ("Vivendi"), is a corporation organized and existing under the laws of France with its principal place of business at 42 avenue de Friedland, 75380 Paris Cedex 08, France.  On information and belief, Vivendi has an office and place of business within this judicial district at 800 Third Avenue, New York, New York 10022 and is either doing business in or is engaged in the transaction of business within this judicial district.

f.      Defendant Sample Clearance Ltd. ("Sample"), is a corporation with its

principal place of business at 162 West 56th Street, Suite 306, New York, New York 10019.  On information and belief, Sample is either doing business in or is engaged in the transaction of business within this judicial district.

       g.      Defendant Lonnie Rashid Lynn, Jr. p/k/a Common ("Common") is either a resident of or doing business within this judicial district.

       h.      Defendant Interscope Geffen A&M Records ("Interscope"), is an unincorporated division of UMG and/or Vivendi SA with its principal place of business at 2220 Colorado Avenue, Santa Monica, California 90404.  On information and belief, Island is either doing business in or is engaged in the transaction of business within this judicial district.

       i.      Defendant Clifford Smith p/k/a Method Man ("Method Man") is either a resident of or doing business within this judicial district.

       j.      Defendant Reginald "Reggie" Noble p/k/a Redman ("Redman") is either a resident of or doing business within this judicial district.

       k.      Upon information and belief, Defendants Does 1-50 are either residents of or are doing business in this judicial district.  The identities of the various Does are not presently known and cannot be presently known.  This complaint will be amended to include the names of said individuals if they permit themselves to be identified.

       l.      Upon information and belief, Defendants XYZ Corporations 1-50 are either doing business in or are engaged in the transaction of business within this judicial district.  The identities of XYZ Corporations 1-50 are not presently known and cannot be presently known.  This complaint will be amended to include the name of the actual company(ies) if the company(ies) permit identification.

Defendants West, Roc-A-Fella, Island, UMG, Vivendi and Sample are hereinafter referred to collectively as the "West Defendants." Defendants Common, Interscope, UMG and Vivendi are hereinafter referred to collectively as the "Common Defendants." Defendants Method Man, Redman, Island, UMG and Vivendi are hereinafter referred to collectively as the "Method Man Defendants." The West Defendants, the Common Defendants, the Method Man Defendants, Does 1-50 and XYZ Corporations 1-50 are hereinafter referred to collectively as "Defendants."

7.      Plaintiff Firrantello is the daughter of Joe Farrell, a well-known jazz musician, composer and recording artist ("Farrell"). Farrell died on January 10, 1986 and Firrantello is the successor in interest to the rights of Farrell with respect to his recordings and musical compositions. Prior to his death, Farrell did business as Farjo Music in connection with the music publishing of the musical compositions written by Farrell. Upon her becoming Farrell's successor in interest, Firrantello continued to do business as Farjo Music. On October 16, 2003, Firrantello filed a Business Certificate for Farjo Music with the Clerk's Office of Duchess County, New York.

8.      In 1974, Farrell wrote a musical composition entitled "Upon This Rock" (the "Plaintiffs' Song"). Plaintiffs' Song was originally recorded by Farrell and this sound recording was released by Creed Taylor, Inc. d/b/a CTI Records ("CTI") in 1974, catalog number CTI 6042 S1 (the "Plaintiff's Record").

9.      The music, lyrics and/or other creative elements of Plaintiff's Song are wholly original with Plaintiff and constitute copyrightable subject matter under the Copyright Act.

10.     Plaintiff's Song is the subject of an existing copyright registration, Registration No. EU486207, a copy of the certificate of which is attached hereto and identified as Exhibit A and is incorporated herein by reference (the "Copyright"). The Copyright has been duly

registered in the Copyright Office and all applicable recordation and registration formalities and notice requirements under The Copyright Act have been fully complied with.

11.    On or about December 13, 1974, Farrell and Char-Liz Music, Inc. ("Char-Liz") entered into a Popular Songwriter's Agreement with respect to the Plaintiff's Song, whereby ownership of Plaintiff's Song was transferred to Char-Liz.  This agreement did not provide that Plaintiff's Song was a "work for hire" of Char-Liz.  It also did not contain any transfer of Farrell's renewal rights in either Plaintiff's Song or the Copyright.

12.    The Copyright was originally filed for and obtained by Char-Liz Music, Inc. Copyright protection of Plaintiff's Song was obtained pursuant to the 1909 Copyright Act, which provided for an initial 28-year term of copyright protection and a single 28-year renewal term of continued protection.  As of the date of Farrell's death in 1986, the Copyright was in its first term of registration.  Upon his death, his rights in the renewals rights in Plaintiff's Song and the Copyright passed to Firrantello.  Pursuant to U.S. copyright law in effect at that time, the renewal term of the Copyright vested in Firrantello on or about January 1, 2003.  Pursuant to amendment of U.S. copyright law then in effect, this second renewal term has a period of sixty-seven (67) years.  Plaintiff has filed a renewal registration of Plaintiff's Song.

13.    On or about 1974, Plaintiff's Song was registered with Broadcast Music Inc. ("BMI"), the music writer and publisher performing rights society.  At all times complained of herein, information regarding the registration of Plaintiff's Song and the publishers or other parties responsible for the licensing of Plaintiff's Song was available from BMI.

14.    Plaintiff's Record was recorded pursuant to an exclusive recording agreement between Joe Farrell and CTI entered into on or about May 31, 1973.  On or about April 1974, CTI published Plaintiff's Record with notice of copyright.  Subsequently, CTI filed for and

obtained a registration of Plaintiff's Record as a published sound recording, Registration No. N18109, a copy of the certificate of which is attached hereto and identified as Exhibit B and is incorporated herein by reference.  On or about 1979-80, CTI sold its catalog of sound recordings, including Plaintiff's Record, to Columbia Records, now part of Sony BMG Music Entertainment ("Sony").  Pursuant to said exclusive recording agreement and industry practice, Sony has paid Plaintiff fifty percent (50%) of any licensing revenues received by Sony, including from the licensing of samples of the Plaintiff's Record.  Plaintiff is thus the beneficiary of fifty percent of the revenues to be received from any licensing, royalties or damages as a result of the Defendants' use of the Plaintiff's Record.  Upon information and belief, to date, no license for a sample of the Plaintiff's Record has been entered into by any of the Defendants herein and Sony with respect to the acts complained of herein.  Based upon all of the foregoing, Plaintiff has standing to bring this action with respect to the Defendants' unauthorized use of the Plaintiff's Record.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement against the West Defendants)

15.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 of the complaint as if fully set forth herein.

16.    This claim arises under the Copyright Acts of 1909 and 1976.

17.    Upon information and belief, on or about August 30, 2005, Roc-A-Fella, in association with Island, UMG and Vivendi, recorded, manufactured and distributed a sound recording by West of a musical composition entitled "Gone" (the "Infringing West Record"), which composition incorporates unauthorized copies or copyrighted elements of Plaintiff's Song and Plaintiff's Record, thereby infringing same.  "Gone" is contained on the album entitled "Late Registration," released by Island, UMG and/or Vivendi.

18.     Upon information and belief, Sample acted as a music copyright clearance agent for West, Roc-A-Fella, Island, UMG and/or Vivendi, and such capacity, Sample obtained clearances or licenses for one or more musical compositions and/or sound recordings other than Plaintiff's Song and Plaintiff's Record for use on one or more musical compositions on "Late Registration."  By virtue of such role, Sample either knew or should have known that Plaintiff's Song and Plaintiff's Record were subject to copyright protection, and that, accordingly, a license was required for use of any copyright protected elements thereof.  By further virtue of its failure to obtain a license for use of Plaintiff's Song and/or Plaintiff's Record, Sample is thereby liable for the acts complained of herein as a direct, contributory and/or vicarious infringer.

19.     Upon information and belief, the Infringing West Record was knowingly and willfully directly copied from and/or sampled copyrighted elements of Plaintiff's Song and Plaintiff's Record by the West Defendants.

20.     Upon information and belief, the West Defendants have sold and/or distributed copies of the Infringing West Record in various media throughout the world, including but not limited to CDs, DVDs, videocassettes, digital downloads and ringtones.  Upon further information and belief, the West Defendants have licensed the Infringing West Record for further recording and various means of public performance, broadcast and webcast, including but not limited to live performances, videos, radio, television and the Internet, including through one or more agents, including but not limited to BMI, ASCAP and The Harry Fox Agency, Inc.

21.     Plaintiff is informed and believes and on that basis alleges that the West Defendants have infringed and threaten to further infringe upon Plaintiff's Song and Plaintiff's Record by being the source of the Infringing West Record and aiding and abetting others in the manufacturing, distributing, offering for sale and/or selling copies of, licensing, and/or otherwise

commercially exploiting the Infringing West Record, and contributing to the infringement of Plaintiff's Song and Plaintiff's Record by others, in the Southern District of New York and elsewhere, all without the consent or authorization of Plaintiff or anyone authorized to act on its behalf.

22.    The marketing and sale of copies of the Infringing West Record by the West Defendants and others with their aid and assistance, and/or as a direct result of their direct and contributory actions, constitutes an unauthorized distribution of copies of Plaintiff's copyrighted works; and the public performance of the infringing musical composition embodied in the Infringing West Record by Defendants constitutes unauthorized public performance of Plaintiff's copyrighted works, all in violation of Plaintiff's rights under the Copyright Act.

23.    Plaintiff is informed and believes and on that basis alleges that the West Defendants' infringement of Plaintiff's copyrighted work has been and continues to be carried out with Defendants' full knowledge that the Plaintiff's Song and Plaintiff's Record are protected by copyright and that all relevant times Defendants had actual and constructive knowledge of Plaintiff's rights but proceeded in complete disregard thereof.  In doing the acts complained of herein, Defendants have willfully and intentionally infringed Plaintiff's copyrights.

24.    Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

25.    Plaintiff has sustained damages as a result of Defendants' wrongful acts as hereinabove alleged.  Plaintiff is presently unable to ascertain the full extent of the money

damages it has suffered by reason of said acts of copyright infringement, but upon information and belief such damages exceed $100,000 as to each work infringed as to each Defendant.

26.     Plaintiff is informed and believes and on that basis alleges that Defendants have obtained gains, profits, and advantages as a result of their infringing acts as hereinabove alleged. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement, but upon information and belief such gains, profits, and advantages exceed $100,000 as to each work infringed as to each Defendant.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement against the Common Defendants)

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 of the complaint as if fully set forth herein.

28.     This claim arises under the Copyright Acts of 1909 and 1976.

29.     Upon information and belief, on or about May 24, 2005, Interscope, in association with UMG and Vivendi, recorded, manufactured and distributed a sound recording by Common of a musical composition entitled "Chi-City" (the "Infringing Common Record"), which composition incorporates unauthorized copies or copyrighted elements of Plaintiff's Song and Plaintiff's Record, thereby infringing same.  "Chi-City" is contained on the album entitled "Be" released by Interscope, UMG and/or Vivendi.

30.     Upon information and belief, the Infringing Common Record was knowingly and willfully directly copied from and/or sampled copyrighted elements of Plaintiff's Song and Plaintiff's Record by the Common Defendants.

31.     Upon information and belief, the Common Defendants have sold and/or distributed copies of the Infringing Common Record in various media throughout the world,

including but not limited to CDs, DVDs, videocassettes, digital downloads and ringtones. Upon further information and belief, the Common Defendants have licensed the Infringing Common Record for further recording and various means of public performance, broadcast and webcast, including but not limited to live performances, videos, radio, television and the Internet, including through one or more agents, including but not limited to BMI, ASCAP and The Harry Fox Agency, Inc.

32. Plaintiff is informed and believes and on that basis alleges that the Common Defendants have infringed and threaten to further infringe upon Plaintiff's Song and Plaintiff's Record by being the source of the Infringing Common Record and aiding and abetting others in the manufacturing, distributing, offering for sale and/or selling copies of, licensing, and/or otherwise commercially exploiting the Infringing Common Record, and contributing to the infringement of Plaintiff's Song and Plaintiff's Record by others, in the Southern District of New York and elsewhere, all without the consent or authorization of Plaintiff or anyone authorized to act on its behalf.

33. The marketing and sale of copies of the Infringing Common Record by the Common Defendants and others with their aid and assistance, and/or as a direct result of their direct and contributory actions, constitutes an unauthorized distribution of copies of Plaintiff's copyrighted works; and the public performance of the infringing musical composition embodied in the Infringing Common Record by Defendants constitutes unauthorized public performance of Plaintiff's copyrighted works, all in violation of Plaintiff's rights under the Copyright Act.

34. Plaintiff is informed and believes and on that basis alleges that the Common Defendants' infringement of Plaintiff's copyrighted works has been and continues to be carried out with Defendants' full knowledge that the Plaintiff's Song and Plaintiff's Record are

protected by copyright and that all relevant times Defendants had actual and constructive knowledge of Plaintiff's rights but proceeded in complete disregard thereof.  In doing the acts complained of herein, Defendants have willfully and intentionally infringed Plaintiff's copyrights.

35.    Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

36.    Plaintiff has sustained damages as a result of Defendants' wrongful acts as hereinabove alleged.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said acts of copyright infringement, but upon information and belief such damages exceed $100,000 as to each work infringed as to each Defendant.

37.    Plaintiff is informed and believes and on that basis alleges that Defendants have obtained gains, profits, and advantages as a result of their infringing acts as hereinabove alleged. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement, but upon information and belief such gains, profits, and advantages exceed $100,000 as to each work infringed as to each Defendant.

## THIRD CLAIM FOR RELIEF
### (Copyright Infringement against the Method Man Defendants)

38.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 of the complaint as if fully set forth herein.

39.    This claim arises under the Copyright Acts of 1909 and 1976.

40.    Upon information and belief, on or about September 28, 1999, Island, in

association with UMG and Vivendi, recorded, manufactured and distributed a sound recording by Method Man and Redman of a musical composition entitled "Run 4 Cover" (the "Infringing Method Man Record"), which composition incorporates unauthorized copies or copyrighted elements of Plaintiff's Song and Plaintiff's Record, thereby infringing same. "Run 4 Cover" is contained on the album entitled "Blackout!" released by Interscope, UMG and/or Vivendi.

41.     Upon information and belief, the Infringing Common Record was knowingly and willfully directly copied from and/or sampled copyrighted elements of Plaintiff's Song and Plaintiff's Record by the Common Defendants.

42.     Upon information and belief, the Common Defendants have sold and/or distributed copies of the Infringing Common Record in various media throughout the world, including but not limited to CDs, DVDs, videocassettes, digital downloads and ringtones. Upon further information and belief, the Common Defendants have licensed the Infringing Common Record for further recording and various means of public performance, broadcast and webcast, including but not limited to live performances, videos, radio, television and the Internet, including through one or more agents, including but not limited to BMI, ASCAP and The Harry Fox Agency, Inc.

43.     Plaintiff is informed and believes and on that basis alleges that the Common Defendants have infringed and threaten to further infringe upon Plaintiff's Song and Plaintiff's Record by being the source of the Infringing Common Record and aiding and abetting others in the manufacturing, distributing, offering for sale and/or selling copies of, licensing, and/or otherwise commercially exploiting the Infringing Common Record, and contributing to the infringement of Plaintiff's Song and Plaintiff's Record by others, in the Southern District of New York and elsewhere, all without the consent or authorization of Plaintiff or anyone authorized to

act on its behalf.

44.    The marketing and sale of copies of the Infringing Common Record by the Common Defendants and others with their aid and assistance, and/or as a direct result of their direct and contributory actions, constitutes an unauthorized distribution of copies of Plaintiff's copyrighted works; and the public performance of the infringing musical composition embodied in the Infringing Common Record by Defendants constitutes unauthorized public performance of Plaintiff's copyrighted works, all in violation of Plaintiff's rights under the Copyright Act.

45.    Plaintiff is informed and believes and on that basis alleges that the Common Defendants' infringement of Plaintiff's copyrighted works has been and continues to be carried out with Defendants' full knowledge that the Plaintiff's Song and Plaintiff's are protected by copyright and that all relevant times Defendants had actual and constructive knowledge of Plaintiff's rights but proceeded in complete disregard thereof.  In doing the acts complained of herein, Defendants have willfully and intentionally infringed Plaintiff's copyrights.

46.    Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

47.    Plaintiff has sustained damages as a result of Defendants' wrongful acts as hereinabove alleged.  Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said acts of copyright infringement, but upon information and belief such damages exceed $100,000 as to each work infringed as to each Defendant.

48.    Plaintiff is informed and believes and on that basis alleges that Defendants have obtained gains, profits, and advantages as a result of their infringing acts as hereinabove alleged.

Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement, but upon information and belief such gains, profits, and advantages exceed $100,000 as to each work infringed as to each Defendant.

**FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment against all Defendants)**

49.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 48 of the complaint as if fully set forth herein.

50.     As a result of their infringing activities complained of herein, including the furtherance of the respective careers of West, Common, Method Man and Redman, and their respective statures in the entertainment business as a direct consequence thereof, Defendants have been unjustly enriched to the damage of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1.     Permanently enjoining and restraining Defendants, their respective officers, agents, servants, employees and attorneys, and predecessors and successors, by whatever name, and all those in active concert or participation with them from:

(a)     Further violating any of the exclusive rights of Plaintiff in the copyrighted song "Upon This Rock," including the importation, reproduction, preparation, sale or distribution of any and all copies of the Infringing West Record, the Infringing Common Record and the Infringing Method Man Record;

(b)     Further infringing upon Plaintiff's rights under the Copyright Act by importing, manufacturing, producing, distributing, circulating, selling, marketing,

offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Plaintiff, incorporating any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrighted works or its creative elements;

(c)     Licensing or otherwise authorizing the public performance of any recording of the Infringing West Record, the Infringing Common Record and/or the Infringing Method Man Record in all media, including, but not limited to, radio, television (broadcast and cable), the Internet and motion pictures, and publicly performing the musical compositions embodied in Infringing West Record, the Infringing Common Record and/or the Infringing Method Man Record;

(d)     Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrighted works in such fashion as to relate or connect, or tend to relate or connect such copies in any way to Plaintiff;

(e)     Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services manufactured, distributed or sold by Defendants are in any manner associated or connected with Plaintiff or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(f)     Engaging in any other activity constituting unfair competition with Plaintiff or its licensees, or constituting an infringement of any of Plaintiff's copyrights or of Plaintiff's rights in, or rights to use or to exploit, said copyrights, including aiding and abetting third parties engaging in such activities;

16

(g)    Engaging in any acts or activities directly or indirectly calculated to trade upon or injure the reputation or the goodwill of Plaintiff or in any manner to compete unfairly with Plaintiff by appropriating the distinctive creative elements of Plaintiff's copyrighted works;

(h)    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 1(a) through (g) hereinabove; and

(i)    Secreting, destroying, altering, removing or otherwise dealing with copies of Infringing West Record, the Infringing Common Record or the Infringing Method Man Record, or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertising, promoting or displaying of any copies of Infringing West Record, the Infringing Common Record and the Infringing Method Man Record by Defendants.

2.    Directing that Defendants deliver for impoundment:

(a)    All copies of the Infringing West Record, the Infringing Common Record and the Infringing Method Man Record, including sound recordings in any format, CDs, DVDs, videocassettes, sheet music, labels, boxes, signs, packages, advertisements, novelty items, prints, dyes, wrappers, receptacles and any other such goods or merchandise in Defendants' possession, custody or control incorporating or associated with Infringing West Record, the Infringing Common Record and the Infringing Method Man Record; and

(b)    All masters, plates, molds, mechanicals or apparatus utilized in making copies of Infringing West Record, the Infringing Common Record and the Infringing

Method Man Record and packaging therefor, and all digital files of same in whatever media they are maintained.

3.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or services manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff or its musical compositions or sound recordings.

4.     Directing that an accounting of and judgment be rendered against each Defendant for:

(a)     statutory damages as provided by 17 U.S.C. Sec. 504(a);

(b)     all profits received by any of the Defendants from the sale or other commercial exploitation of Infringing West Record, the Infringing Common Record and the Infringing Method Man Record, as provided by 17 U.S.C. Sec. 504(b), including all revenues received relating to or deriving from, in manner whatsoever, Infringing West Record, the Infringing Common Record and the Infringing Method Man Record, and any profits received by third parties as a result of activities for which Defendants may be found contributorily or vicariously liable;

(c)     all damages suffered by Plaintiff as a result of any of Defendants' copyright infringements, as provided by 17 U.S.C. Sec. 504(a), whether as a result of their direct, contributory or vicarious actions;

(d)     all monies received from whatever source, directly or indirectly, by any of the Defendants as unjust enrichment from the exploitation of Infringing West Record, the Infringing Common Record and the Infringing Method Man Record.

5.     Awarding Plaintiff punitive damages of not less than $1,000,000.

6. Awarding Plaintiff its costs in this action, including reasonable attorneys' and investigative fees, as provided by 17 U.S.C. Sec. 505.

7. Directing that the Court retains jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

8. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.

DATED:    New York, New York
           May 22, 2008          Respectfully submitted,

                             D H CAVANAUGH ASSOCIATES

                                /Dennis H. Cavanaugh/
                          By_____
                                Dennis H. Cavanaugh (DC 3146)
                                555 Fifth Avenue, 17th Floor
                                New York, New York 10019
                                Tel:    (212) 856-7210
                                Fax:    (212) 856-7211
                                Email:  dhc@dhcavanaugh.net

# EXHIBIT A

# Application

## egistration of a Claim to Copyright

**FORM E**

REGISTRATION NO.

**E u 486207**

DO NOT WRITE HERE

EP    EU

**CLASS**

**E**

mposition the author of which is a citizen or domiciliary
States of America or which was first published
States of America

Make sure that all applicable spaces have been
fore you submit the form. The application must
at line 9. For published works the application
submitted until after the date of publication given
and should state the facts which existed on that
ther information, see page 4.

2 should be typewritten or printed with pen and
4 should contain exactly the same information
2, and may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with:

*(a)* If unpublished, one complete copy of the work and the registration fee of $6.

*(b)* If published, two copies of the best edition of the work and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

Claiment(s) and Address(es): Give the name(s) and address(es) of the copyright owner(s). The name(s) should
the same as in the notice of copyright on the copies deposited.

Char-Liz Music, Inc.

1 Rockefeller Plaza/New York, NY 10020

### UPON THIS ROCK

(Give the title of the musical composition as it appears on the copies)

Citizenship and domicile information must be
a work is made for hire, the employer is the
employee's name appears on the copy, give after
's name "(employer for hire)". Organizations
U.S. Federal or State law are U.S. citizens.

Authors include composers of music, authors of words, arrangers, compilers, etc. If the copyright claim is based on new matter (see line 5) give information about the author of the new matter.

Joe Farrell

legal name followed by pseudonym if latter appears on the copies

Citizenship: U.S.A. **X**   Other _____
(Check if U.S. citizen)         (Name of country)

U.S.A. Yes **X**  No ____ Address   31 W. 87 St.
New York, NY 10024

Author of ____ **music**
(State which: words, music, arrangement, etc.)

legal name followed by pseudonym if latter appears on the copies

Citizenship: U.S.A. _____  Other _____
(Check if U.S. citizen)         (Name of country)

U.S.A. Yes ____ No ____ Address _____

Author of ____
(State which: words, music, arrangement, etc.)

legal name followed by pseudonym if latter appears on the copies

Citizenship: U.S.A. _____  Other _____
(Check if U.S. citizen)         (Name of country)

U.S.A. Yes ____ No ____ Address _____

Author of ____
(State which: words, music, arrangement, etc.)

**NOTE:** Leave all spaces of line 4 blank unless your work has been PUBLISHED.

of Publication: Give the date when copies of this
ion of the work were first placed on sale, sold,
distributed. The date when copies were made,
produced, or the date when the work was

formed or recorded, should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

_____
(Month)      (Day)      (Year)

of Publication: Give the name of the country in which this particular version of the work was first published.

**NOTE:** Leave all spaces of line 5 blank unless the instructions below apply to your work.

Registration or Publication: If a claim to copy-
substantial part of this work was previously
the U.S. Copyright Office in unpublished form,

or if any substantial part of the work was previously published anywhere, give requested information.

usly registered? Yes ____ No ____ Date of registration _____ Registration number _____

ly published? Yes ____ No ____ Date of publication _____ Registration number _____

substantial NEW MATTER in this version? Yes ____ No ____ If your answer is "Yes," give a brief general
the nature of the NEW MATTER in this version. (New matter may consist of compilation, arrangement, adapta-
revision, and the like, as well as additional words and music.)

EXAMINER

*Complete all applicable spaces on next page*

6. If registration fee is to be charged to a deposit account established in the Copyright Office, give

7. Name and address of person or organisation to whom correspondence or refund, if any, should be

Name __Char-Lis Music, Inc._____ Address __1 Rockefeller Plaza/N__

8. Send certificate to:

(Type or
print
name and
address)

Name — — — __Char-Lis Music, Inc.__ — — —

Address — — __1 Rockefeller Plaza/Room 2701__ — —
(Number and street)

__New York, New York 10020__ — —
(City)                           (State)                    (ZIP code)

9. Certification:

(Application not
acceptable
unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of
knowledge.

_(signature)_
(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request.

Class A  Form A—Published book manufactured in the United States of America.

Class A
or B
Form A–B Foreign—Book or periodical manufactured outside the United States of America (except
the ad interim provisions of the copyright law).
Form A–B Ad Interim—Book or periodical in the English language manufactured and first published
United States of America.

Class B
Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C  Form C—Lecture or similar production prepared for oral delivery.

Class D  Form D—Dramatic or dramatico-musical composition.

Class E
Form E—Musical composition the author of which is a citizen or domiciliary of the United States
which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United
America and which was not first published in the United States of America.

Class F  Form F—Map.

Class G  Form G—Work of art or a model or design for a work of art.

Class H  Form H—Reproduction of a work of art.

Class I  Form I—Drawing or plastic work of a scientific or technical character.

Class J  Form J—Photograph.

Class K
Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L
or M
Form L–M—Motion picture.

Class N  Form N—Sound recording.

• Form R—Renewal copyright.

• Form U—Notice of use of copyrighted music on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application received | |
|  | |
| One copy received | |
|  | |
| Two copies received | |
|  | |
| Fee received  248104 MAY 16 74 | |
| Renewal | |

U.S. GOVERNMENT PRINTING OFFICE: 1973—O-497-890

# EXHIBIT B

Page 1

# Application
## for Registration of a Claim to Copyright
### in a published sound recording

<table>
<tr><td>FORM N</td><td></td></tr>
<tr><td>REGISTRATION NO.</td><td>CLASS</td></tr>
<tr><td>N  18109<br>DO NOT WRITE HERE<br>NF  NFO  N</td><td>N</td></tr>
</table>

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application should not be submitted until after the date of publication given in line 5 (a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559, together with 2 copies of the best edition of the work and the registration fee of $6. Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). Ordinarily the name should be the same as in the notice of copyright on the copies deposited. If, instead of the name of the copyright owner, the notice contains an abbreviation by which the name can be recognized or a generally known alternative designation of the owner, see page 4 under *Alternative Form of Notice.*

Name ............ Creed Taylor, Inc.

Address ............ 1 Rockefeller Plaza/New York, NY 10020

Name ............

Address ............

**2. Title:** ............ UPON THIS ROCK  (CTI 6042 S1)

(Give title of sound recording as it appears on the copies; also catalog number if one appears on the copies)

............

**3. (a) Description of Sound Recording Deposited:** ............ disc

(Characterize the general type of sound recording; for example, disc, open-reel tape, cartridge, cassette, etc.)

**(b) Nature of Material Recorded:** ............ music

(Characterize the general type of material recorded; for example, music, drama, narration, etc.)

**4. Author of This Sound Recording:** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 6) give information about the author of new matter.

Name ............ Creed Taylor, Inc. ............ Citizenship ...... USA

(Name of country)

Domiciled in U.S.A. Yes X No ...... Address 1 Rockefeller Plaza/NYC 10020

Name ............ Citizenship ...... (Name of country)

Domiciled in U.S.A. Yes ...... No ...... Address ............

**5. (a) Date of Publication of This Sound Recording:** Give the complete date when copies of this particular sound recording were first placed on sale, sold, or publicly distributed. The date when the sound recording was fixed or the date when copies were reproduced should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

............ 8 ...... 30 ...... 74

(Month) (Day) (Year)

**(b) Place of Publication of This Sound Recording:** Give the name of the country in which this particular sound recording was first published.

............ USA

► **NOTE: Leave line 6 blank unless the instructions below apply to your work.** ◄

**6. New Matter in This Sound Recording:** If any substantial part of the sounds fixed in this recording has been previously published in another recording, give a brief general statement of the nature of the new matter in this recording. New matter may consist of compilation, editorial revision, abridgment, and the like, as well as additional recorded material.

............

............

► **NOTE: Leave line 7 blank unless the instructions below apply to your work.** ◄

**7. Fixation before February 15, 1972:** If any substantial part of the sounds published for the first time in this recording was fixed before February 15, 1972, give a brief general statement of the nature of that material. (For further information concerning "fixation," see page 4.)

............

EXAMINER

*Complete all applicable spaces on next page*

8. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account.

9. Name and address of person or organization to whom correspondence and refund, if any, should be sent:

Name **Creed Taylor, Inc.**   Address **1 Rockefeller Plaza/NYC 10**

10. Send certificate to:

> **Creed Taylor, Inc.**
>
> (Type or print name and address)
>
> Name ........................
>
> Address **1 Rockefeller Plaza**
> (Number and street)
>
> **New York, NY 10020**
> (City)     (State)     (ZIP Code)

## 11. Certification:

(Application not acceptable unless signed)

> I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.
>
> _____
> (Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A — Form A—Published book manufactured in the United States of America.

Class A or B — Form A–B Foreign—Book or periodical manufactured outside the United States of America (except subject to the ad interim provisions of the copyright law).
Form A–B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

Class B — Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C — Form C—Lecture or similar production prepared for oral delivery.

Class D — Form D—Dramatic or dramatico-musical composition.

Class E — Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

Class F — Form F—Map.

Class G — Form G—Work of art or a model or design for a work of art.

Class H — Form H—Reproduction of a work of art.

Class I — Form I—Drawing or plastic work of a scientific or technical character.

Class J — Form J—Photograph.

Class K — Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L or M — Form L–M—Motion picture.

Class N — Form N—Sound recording.
● Form R—Renewal copyright.
● Form U—Notice of use of copyrighted music on mechanical instruments.

### FOR COPYRIGHT OFFICE USE ONLY

Application received SEP 1974
Two copies received SEP 1974
Fee received **47209 SEP 4 74**
Renewal

*Page*